ACTION of assumpsit, on two promissory notes, made July 22, 1842, for $167 74, and $167 14, payable at six, and nine months. Pleas, non-assumpsit, and statute of limitation.
The plaintiff proved that the defendant, within the time of limitation, spoke to a third person to buy the notes up for him, and said they had not been paid.
Mr. Bates, for defendant. — An acknowledgment to take a case out of the act of limitation, must be made to a party holding the debt, and a declaration to a third person will not have that effect. It must be consistent with, indeed it is the substitute for a new promise to pay. The English doctrine is now, that the action is founded on the new
promise; that the effect of it is not merely to revive the old cause of action, which is to repeal the statute; but it gives a new cause of action, on which the suit is brought. Though our courts have heretofore, as the English courts did once, held the acknowledgment to revive the old promise, they would now hold with the recent and more reasonable doctrine, that the acknowledgment is a new promise. If so, it must be made to a party interested. A mere declaration to a third party having no interest, will have no effect to take the case out of the statute. *Page 381 
 The Court charged the jury, that if they had satisfactory evidence of an acknowledgment by Patrick Campbell, within six years, of the existence of the debt, as a subsisting demand, founded on these notes, though made to a third person, not the holder of the notes, and though not amounting to a promise to pay, the action was not barred, and the plaintiff was entitled to recover.
 Verdict for plaintiff.